**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TIMOTHY J. KISTNER and TERESA KISTNER. | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:25-CV-209-PPS-AZ ) |
| EVANS DELIVERY COMPANY, INC and OSCAR BUSTAMENTE DE DIOS, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Strike Certain of Defendants' Affirmative Defenses [DE 12]. Plaintiffs have asked the Court to strike Affirmative Defenses Nos. 7, 9, and 10 of Defendants' Answers [DE 6 and 7] to the Complaint on the grounds that the affirmative defenses are insufficiently pled. For the reasons explained below, Plaintiffs' motion is granted and the affirmative defenses are stricken without prejudice.

**Background**

This case arises from a vehicle crash between the Plaintiffs Timothy and Teresa Kistner and Defendants Evans Delivery Company and Oscar Bustamente de Dios, an employee of Evans. DE 8 at 2. Plaintiffs allege that Defendants' vehicle struck Plaintiffs' vehicle from behind, which then caused Plaintiffs' vehicle to crash into another vehicle ahead of it, resulting in injuries to Plaintiffs. Plaintiffs filed this case in Indiana state court on April 22, 2025, asserting claims of negligence, and the matter was timely removed to federal court based on diversity jurisdiction.

Defendants filed their respective answers on May 8, 2025, asserting identical affirmative defenses in both. DE 6 and 7. Plaintiffs filed the instant motion to strike three of Defendants' affirmative defenses. DE 12.

The three defenses that Plaintiffs seek to strike are 7, 9, and 10, stated below:

Affirmative Defense No. 7:

> Any damages claimed by Plaintiffs may have been caused in full or in part by nonparties, named by any other party to this suit, which are expressly incorporated herein, or by other persons and/or entities whose identities are unknown at this time.

Affirmative Defense No. 9:

> Defendant… asserts and incorporates all affirmative defenses and other matters constituting avoidance under Indiana Trial Rule 8(c).

Affirmative Defense No. 10:

> Under the provisions of I.C. § 34-51-2-14, Defendant… reserves the right to seek leave to add further affirmative defenses, including but not limited to, naming John Does 1, 2 and 3 as other responsible parties.

DE 13 at 4-9.

## Analysis

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they tend to consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294

2

(7th Cir. 1989) (citation omitted). But "where…motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

"An affirmative defense must satisfy three criteria to survive a motion to strike under Rule 12(f): (1) it must be properly pleaded as an affirmative defense; (2) it must be adequately pleaded under Rules 8 and 9; and (3) it must withstand a Rule 12(b)(6) challenge." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2018). "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Do It Best Corp. v. Heinen Hardware, LLC*, 2013 WL 3421924, at *2 (N.D. Ind. July 8, 2013) (citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir. 1992)).

Specifically, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. P. 8(a). But even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. *United States v. Hartz Constr. Co., Inc.*, 2000 WL 1220919 at *7 (N.D. Ill. Aug. 18, 2000) (quoting *MAN Roland v. Quantum Color Corp.,* 57 F.Supp.2d 576, 578 (N.D. Ill. 1999)). Bare legal conclusions attached to narrated facts will not suffice. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (granting motion to strike affirmative defenses in which defendants omitted any short and plain statement of facts and failed to allege necessary elements of claims); *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir. 1985). Additionally, "[d]efendants cannot simply recite a laundry list of Rule 8(c)(1) affirmative defenses

3

without indicating in any way how they may be tied to the facts of this case." *Pietrzycki v. Heights Tower Serv., Inc.*, 2015 WL 688510, at *3 (N.D. Ill. Feb. 17, 2015).

The instant motion also implicates Federal Rule of Civil Procedure 15, which provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848–49 (7th Cir. 2002).

Defendants' Affirmative Defense No. 7 asserts that Plaintiffs' alleged damages "may have been caused" by others "whose identities are unknown at this time." DE 6 and 7. In addition to the pleading standards described above, this affirmative defense invokes substantive Indiana law relating to comparative fault. The Indiana Comparative Fault Act governs the use of a nonparty comparative fault defense. *Eastgate Invs. I, LLC v. MW Builders, Inc.*, No. 2:19-CV-304-JTM-JPK, 2023 WL 142703, at *7 (N.D. Ind. Jan. 10, 2023). Central to the Act is the "reasonable promptness" standard, which directs defendants to take prompt action to discover the existence and details of a nonparty defense. *Id.* At the same time, this requirement

4

also serves to give the plaintiff "a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim." *Id.* (citing *Parker v. Rockies Exp. Pipeline LLC*, No. 1:11-CV-00139-SEB, 2012 WL 4481976, at *2 (S.D. Ind. Sept. 28, 2012). The standard dictates the timeframe a defendant must assert a nonparty defense, which courts have generally held to be applicable in federal courts. *Cota v. Pilkington N. Am., Inc.*, No. 1:12-CV-365, 2013 WL 1703571, at *2 (N.D. Ind. Apr. 19, 2013). Lastly, the Indiana Supreme Court has definitively stated "the burden of pleading and proving the specific name of the nonparty is on the defendant…[t]herefore, a defendant who intends to use a nonparty defense must specifically name the nonparty." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001) (internal citations omitted).

Put differently, a defendant seeking to avail itself of a nonparty defense must plead the defense with reasonable promptness as soon as they know the identity of the nonparty and the basis for asserting the defense. But to assert the defense without yet knowing whether it applies puts the cart before the horse. In this case, Defendants express concern about their ability to "preserve" a possible nonparty defense in the future if it is stricken. DE 17 at 4. But striking Affirmative Defense No. 7 in no way prevents Defendants from moving to amend their answer at a later date once they know that the defense actually applies. The only barriers to do so would be the liberal standards of Fed. R. Civ. P. 15 and the reasonable promptness standard of the Act, both of which require diligence. On the latter, the Court has

5

latitude in applying this standard and "may alter these time limitations" in the interest of fairness to the parties. *Eastgate*, 2023 WL 142702 at *7. Given that Plaintiffs identified a police report containing the identities of the individuals involved in the crash has been in existence for nearly two years, the Court sees no reason why Defendant cannot investigate the basis for the defense and the names of the nonparties and properly plead the affirmative defense at a later date. *See* DE 18 at n.2. Affirmative Defense No. 7 is therefore **STRICKEN** without prejudice.

Skipping ahead to Affirmative Defense No. 10, Defendants seek to preserve their right to assert additional affirmative defenses and name additional parties as more facts become available. Reserving the right to assert a possible affirmative defense in the future is not a substitute for pleading an actual affirmative defense. If it were, every litigant would assert every possible affirmative defense in every case whether or not there is any plausible basis to do so. While the Court recognizes and appreciates Defendants' interests in avoiding wasting the Court's time with future motions, permitting unknown or possible future affirmative defenses to proceed often creates discovery disputes which the Court must resolve. The better approach is to hold parties to the pleading standards prescribed under the Federal Rules and applicable state law and permit them to amend their pleadings if they are diligent in asserting new claims and defenses once they are discovered. Accordingly, Affirmative Defense No. 10 is **STRICKEN**.

Lastly, Affirmative Defense No. 9 suffers from the same deficiencies I found in *Pirtle v. City of Gary*, 2025 WL 1062560 (N.D. Ind. April 8, 2025). Defendants assert

6

any affirmative defense constituting avoidance under Indiana Trial Rule 8(c); but they do not identify any facts. A short and plain statement of facts is required in all pleadings, including affirmative defenses. Defendants argue, and the Court recognizes, that "facts are few" in a case in which discovery has not yet commenced. DE 17 at 6. But, at a fundamental level of fairness, just as a plaintiff must give *some* facts in their complaint to point a defendant in the general direction and provide fair notice, a defendant must do the same with regard to an affirmative defense. Merely stating "avoidance" might tell the plaintiff the generic legal name of the defense, but it in no way ties the defense to facts of the case. *See Pietrzycki v. Heights Tower Serv., Inc.*, 2015 WL 688510, at *3 (N.D. Ill. Feb. 17, 2015). Affirmative Defense No. 9 is therefore also **STRICKEN**.

To reiterate, this decision does not preclude Defendants from asserting a properly plead affirmative defense in the future, so long they are diligent in asserting the defense once the basis for doing so is discovered. Likewise, this decision does not discount that Defendants have acted with diligence and promptness in all other aspects of the case so far, facts which will certainly factor into any future motion to amend.

## Conclusion

For the reasons explained above, the Court hereby **GRANTS** Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses [DE 12] and **STRIKES WITHOUT PREJUDICE** Affirmative Defense Nos. 7, 9, and 10 from Defendants' answers.

7

So ORDERED this 24th day of July 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT